10421

## PARKER v. MARLBORO COTTON MILLS.

### (103 S. E. 512.)

NEGLIGENCE—PROXIMATE CAUSE QUESTION FOR JURY.—In a personal injury action where the testimony as to proximate cause is susceptible of more than one inference, the question should be submitted to the jury.

Before McIVER, J., Marlboro, Summer term, 1919. Reversed.

Action by J. C. Parker against Marlboro Cotton Mills for personal injury.

From order of nonsuit, plaintiff appeals.

The 3d and 4th paragraphs of the complaint were as follows:

3. That on said 2d day of October, 1915, while the plaintiff was at work in the mill of said company, known as No. 1, a belt which worked on a small pulley, and a rope which worked on a large pulley were necessary to run the machinery which plaintiff was required to work at, and while he was attending to his duties the rope worked on the large pulley broke, owing to the fact that it was rotten and not in a safe condition, and when it broke it wound around the small pulley. This made it necessary for plaintiff to throw off the belt which worked on the small pulley, and he caught hold of it with his left hand, in order to throw it off. That said belt, owing to the wilful, wanton, reckless and negligent conduct of the defendant, its agents and servants, had become old and rotten, and when plaintiff caught hold of it with his left hand said belt broke, and caused plaintiff's left hand and arm to be caught in the piece of rope that had got wound around the small. pulley, wound his arm up in the piece of rope, cut off the fourth finger of his left hand, tore up his fore finger and middle finger, broke his arm in two places, and seriously and permanently injured the plaintiff, to his damage in the sum of five thousand dollars.

4. That it was the duty of the defendant to furnish safe and suitable machinery for the plaintiff to work with, but said defendant, unmindful of its duties, carelessly, negligently, wilfully and wantonly allowed the rope on said large pulley to become old and rotten, allowed said belt which ran on the small pulley to become old and unsafe, and although said defendant knew that said belt was not safe to run on said pulley, owing to the fact that it had previously broken a number of times, and although it was the duty of said defendant to inspect its machinery and appliances and keep them safe for the use of plaintiff and its other employees, it negligently, carelessly, wilfully and wantonly failed to do so,

but kept mending the belt by putting buckles on it, and allowed said rope and belt to remain on said machinery, whereby plaintiff was injured in the manner and by the means aforesaid, had his fingers torn up, one cut off, his arm broken and twisted, suffered great anguish of body and mind, and was seriously and permanently injured, lost his employment, and has been damaged in the sum of five thousand dollars as above stated.

*Mr. Wm. N. Graydon,* for appellant, cites: *Nonsuit should not be granted where there is any testimony to support allegations of the complaint:* 45 S. C. 46; 45 S. C. 181; 45 S. C. 283; 46 S. C. 104. *Defective appliance prima facie evidence of negligence:* 18 S. C. 275; 98 S. C. 42; 72 S. C. 402; 81 S. C. 522; 109 S. C. 125.

*Mr. D. D. McColl,* for respondent.   Oral argument.

June 28, 1920.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an appeal from an order of nonsuit.   The allegations of the complaint material to the question involved are contained in the third and fourth paragraphs.   The answer denied these allegations, and set up the defenses of assumption of risk and contributory and gross negligence.   At the close of the plaintiff's testimony, his Honor, the presiding Judge, granted a nonsuit, on the ground that the plaintiff was confronted with two courses, one of which he knew to be dangerous, nevertheless he pursued the other.

There was testimony tending to sustain the allegations of the complaint.   Therefore, the question of proximate cause should have been submitted to the jury; the testimony being susceptible of more than one inference.

Reversed and remanded for a new trial.